CLARA LOUISE THAYER v. FRED PERNELL *et al.*

No. 14,226. (81 Pac. 1134.)

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed July 7, 1905. Affirmed.

*George M. Eichilberger, Lapham & Brewster,* and *Stebbins & Evans,* for plaintiff in error.

*W. R. Hazen,* and *H. W. Page,* for defendants in error.

*Per Curiam:* In this case the court would not be justified in burdening the profession with a formal opinion, which would necessarily stand as another "single instance" in the "wilderness."

The plaintiff in error relied on the validity of the Chrisman will for title. She offered it in evidence herself, and her title was strengthened by the proceedings establishing its validity. Hence she was benefited, rather than harmed, by the introduction in evidence of the proceedings in the will case, except so far as they might bear on the question of the testator's mental capacity to do business subsequently to the execution of the will. But the court by an express instruction withdrew the proceedings in the will case from the consideration of the jury, with reference to that matter. Therefore the first assignment of error presents nothing which by any possibility could have been prejudicial to the plaintiff in error.

The plaintiff in error, that is, the party adverse to Fred Pernell, is not the executor, administrator, heir at law, next of kin, surviving partner or assignee of Eliza Chrisman, deceased, and does not derive her title immediately from such deceased person. Therefore the testimony of Pernell was not objectionable on account of the provisions of section 322 of the civil code (Gen. Stat. 1901, § 4770).

The deeds and mortgages admitted in evidence over the objection of the plaintiff in error were not so remote in time as some of the testimony on her behalf which they were offered to meet. Therefore the reason given for excluding them is invalid.

The instructions correctly placed upon Fred Pernell his due burden in the case, and when they are construed together the objection to No. 17 is groundless.

Instruction No. 12 contains the matter which plaintiff in error regards as missing because it is not found in No. 11. In all other respects the instructions correctly covered the case, and covered all proper requests for instructions.

The judgment of the district court is affirmed.